UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE GREEN,

    Plaintiff,

v.                                         Case No.: 8:25-cv-579-KKM-LSG

GALENCARE, INC., and
UNIVERSAL PROTECTION SERVICE,
LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

The *pro se* plaintiff moves *ex parte* for leave to conduct expedited discovery and for a temporary restraining order "to preserve all documents, records, electronic data, and other evidence pertaining to the unlawful access, use, theft, and public disclosure of [Green's] personal information." Doc. 3. Green sues for violations of the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd; the Driver's Privacy Protection Act, 18 U.S.C. § 2721; Title VI of the Civil Rights Act, 32 U.S.C. § 2000d; as well as negligence, breach of contract, invasion of privacy, defamation, "vicarious liability," "breach of confidence," and civil conspiracy. Doc. 1. Green filed his complaint on March 10, 2025, and has not yet served the defendants.

---

[1] Although the relief that Green seeks is not dispositive, his motion seeks injunctive relief, Doc. 3 at 21, and a magistrate judge may not "hear and determine" a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(A)–(C); *Jeffrey S. by Ernest S v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990).

1

Doc. 1; Doc. 3 at 4, 17. However, Green has corresponded with the defendants, including on March 13, 2025, when he sent a "Legal Hold & Preservation Notice – Pre-Suit Litigation Notice" and on April 8 and 9, 2025, when he sent a "Demand for Mandatory Breach Notification." Doc. 3-1 at 24–61. Attorneys for the defendants responded to the preservation notice on March 20, 2025, and sought both an extension of time to respond and a conference with Green. Doc. 3-1 at 62–63. Green provides no information about whether that conference occurred or what was discussed. Rather, Green claims that the defendants "have intentionally ignored these lawful demands." Doc. 3-2 at 3.

    Rule 26(d), Federal Rules of Civil Procedure, governs the timing and sequencing of discovery and prohibits "discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by court order. A district court enjoys "'broad discretion in deciding how to best manage the cases before them.'" *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) (quoting *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir.1997)). Courts typically require the party seeking discovery to demonstrate "good cause." *Tracfone Wireless, Inc. v. SCS Supply Chain, LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019). "'Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002)); see 6 MOORE'S FEDERAL PRACTICE § 26.121[2] (3d ed. 2024) (explaining that some courts employ a "preliminary injunction-style

analysis" but that the "good cause" or "reasonableness" analysis lies more comfortably within today's discovery rules.).

Here, Green's delay in serving the defendants belies his need for expedited discovery. If Green had served the defendants in March, the parties' Rule 26(f) conference likely would have already occurred, and Green would be well on his way to the discovery he seeks. *See* Local Rule 3.02(b) (requiring a case management conference within forty days after a defendant appears). If an imminent risk of spoliation existed, Green could have moved sooner to prosecute his case. Instead of serving the complaint and summonses, however, Green has corresponded with the defendants for two months. If Green seeks discovery, he should move expeditiously to perfect service on the defendants because his time to do so is running short. FED. R. CIV. P. 4(m) (requiring service within ninety days after filing a complaint).

Furthermore, Green's need does not outweigh the potential prejudice to the defendants. The defendants are already represented by counsel and in communication with Green. The discovery that Green seeks, Doc. 3 at 18–20, is neither limited nor narrowly tailored. Rather, Green seeks a significant amount of information about his claims in this case, which is much broader than the limited discovery typically authorized before service of process. *See Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-765-KKM-CPT; 2022 WL 1721034, at *1 (M.D. Fla. May 27, 2022); *Shenzhen Dejiayun Network Tech. Co. v. Doe*, No. 8:20-CV-2760-T-33CPT, 2021 WL 3083061, at *1 (M.D. Fla. Feb. 3, 2021).

3

Finally, Green's request for a temporary restraining order directing the same preservation that Green sought in his preservation letter is both unnecessary and unwarranted. Doc. 3 at 21. "Whenever a lawsuit is filed, the defendant is automatically required to take all appropriate steps to preserve any and all information which might be relevant to that litigation." *Hester v. Bayer Corp.*, 206 F.R.D. 683, 685 (M.D. Ala. 2001); *Scrap King, LLC v. Stericycle, Inc.*, No. 8:18-cv-733-MSS-AEP, 2022 WL 1845259, *7 (M.D. Fla. Dec. 20, 2022) (explaining that the duty to preserve arises even before litigation when an organization "is on notice of a credible probability that it will become involved in litigation."); *see also* FED. R. CIV. P. 37(e) (providing a sanction for the failure to preserve electronically stored information that "should have been preserved in the anticipation or conduct of litigation."). "To supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task[] and would likely create no more incentive upon the parties than already exists." *Hester*, 206 F.R.D. at 685 (vacating an *ex parte* preservation order). Even if a temporary restraining order was appropriate, Green fails to demonstrate an imminent risk of harm for the same reason that he fails to demonstrate good cause. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) (explaining that "a party's failure to act with speed or urgency" in requesting injunctive relief "necessarily undermines a finding of irreparable harm."). If Green seeks to enforce statutory

obligations related to the allegations in his complaint, he should prosecute this case beginning with service of process on the defendants.[2]

Accordingly, because Green fails to establish good cause for expedited discovery and fails to show that an order directing preservation is necessary, I recommend denying the motion, Doc. 3.

**REPORTED** on in Tampa, Florida, on this 20th day of May, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

---

[2] To the extent that Green intends to continue representing himself in this matter, he should familiarize himself with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. Green may review copies of the Federal and Local Rules online or in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Green may seek assistance in pursuing his claim from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Green is also encouraged to consult the "Litigants Without Lawyers" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. An objection must not exceed ten pages. Local Rule 3.01(a). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.