## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WILLIE GREEN,

     Plaintiff,

v.                             Case No: 8:25-cv-579-KKM-LSG

GALENCARE INC, *doing business as*
HCA FLORIDA BRANDON
HOSPITAL, and UNIVERSAL
PROTECTION SERVICE, LLC,
*doing business as* ALLIED
UNIVERAL SECURITY
SERVICES,

     Defendants.

_____

## ORDER

The Magistrate Judge recommends denying pro se plaintiff Willie Green's

motion to expedite discovery and motion for a temporary restraining order to

preserve evidence. *See* R&R (Doc. 5); Mot. (Doc. 3). Green objects. Obj. (Doc. 6).

For the reasons below, I overrule that objection, adopt the Report and

Recommendation, and deny Green's motion.

Green seeks expedited discovery and a restraining order preventing the defendants from destroying evidence. *See generally* Mot. The Magistrate Judge recommends denying that motion because, among other reasons, Green's extended "delay in serving the defendants belies his need for expedited discovery" and the temporary restraining order "is both unnecessary and unwarranted" because "[w]henever a lawsuit is filed, the defendant is automatically required to take all appropriate steps to preserve any and all information which might be relevant to that litigation." R&R at 3–4 (quoting *Hester v. Bayer Corp.*, 206 F.R.D. 683, 685 (M.D. Ala. 2001)). Green objects on that ground that "the defendants' prolonged, ongoing violations of federal and state data protection statutes"—the heart of his claims against them—justify court intervention, and he faults the Report for focusing on his "strategic decision to delay service." Obj. at 1.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de

novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

I agree with the Magistrate Judge's recommendation. At bottom, Green's whole motion depends on the assumption that the defendants' alleged failure to notify Green of a data breach and to answer his emails and phone calls suggests that they might be inclined to destroy evidence. Green provides no evidence or authority in support of this claim. A defendant's failure to comply with or respond to a plaintiff's pre-suit demands does not, without more, suggest a risk of spoliation. But even if it did, Green does not explain why the sanctions provisions of the Federal Rules of Civil Procedure and the Court's inherent power to sanction spoliation fail to protect him, or why an injunction would grant him greater protection. *See, e.g., Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC*, 343 F.R.D. 230, 243 (S.D. Fla. 2022) ("Every litigant has a strict duty to preserve evidence in a lawsuit."); Fed. R. Civ. P. 37(e) Advisory Committee's note to 2015 amendment (explaining that Rule 37(e) supplements a common-law duty to preserve evidence). Accordingly, Green fails to show a basis for granting his requested relief.

The Magistrate Judge also correctly concluded that Green's delay in serving the defendants belies any need for expedited discovery. Green objects that he "promptly sought court intervention" "after it became evident that informal engagement [with the defendants] had failed," and that any failure to grant his motion "effectively punishes [him] for conducting himself with restraint, courtesy, and procedural integrity." Obj. at 6. Yet he also faults the Report for failing to engage in "a meaningful discussion of the [d]efendants' two-year failure to comply with breach notification statutes." *Id.* at 3. That evidence was available to Green at the time he filed his suit. Accordingly, his delay undermines his claim that immediate action is necessary to prevent the destruction of evidence. *Cf. Malicious Women Candle Co., LLC v. Cox*, 506 F. Supp. 3d 1245, 1247 (M.D. Fla. 2020) (explaining that delay undermines a claim that irreparable harm will result in the absence of a preliminary injunction).

Green's other objections are all immaterial to the motion's resolution. Green thus fails to show any error in the Magistrate Judge's Report.

Accordingly, the following is **ORDERED:**

1.  Plaintiff Willie Green's Objection (Doc. 6) is **OVERRULED.**

2. The Magistrate Judge's Report and Recommendation (Doc. 5) is **ADOPTED** and made a part of this Order for all purposes.

3. Plaintiff Willie Green's Emergency Motion to Expedite Discovery and Motion for Temporary Restraining Order (Doc. 3) is **DENIED**.

4. Because the plaintiff has not provided "a reason sufficiently compelling to overcome the presumption of public access," Local Rule 1.11(a); *see Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007), the clerk is directed to unseal the **UNSEAL** the Emergency Motion to Expedite Discovery and Motion for Temporary Restraining Order (Doc. 3).

**ORDERED** in Tampa, Florida, on June 11, 2025.

Kathryn Kimball Mizelle
United States District Judge