UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE GREEN,

    Plaintiff,

v.                                Case No. 8:25-cv-579-KKM-LSG

GALENCARE, INC., d/b/a/ HCA
FLORIDA BRANDON HOSPITAL and
UNIVERSAL PROTECTION SERVICE,
LLC, d/b/a ALLIED UNIVERSAL
SECURITY SERVICES,

    Defendants.
_____

## ORDER

Defendants Galencare, Inc., and Universal Protection Service, LLC, move to stay discovery pending the Court's ruling on motions to dismiss. Mot. to Stay (Doc. 82). Plaintiff Willie Green, proceeding pro se, opposes a stay. Resp. (Doc. 83). Green also filed a litany of other motions, including to strike the motions to dismiss, to amend the motion to strike, for leave to file an untimely response to the motions to dismiss, for leave to extend the page limit for his response, and for court-appointment of a mediator. (Docs. 84, 85, 89, 90, 92, 93).

For good cause, the court may stay discovery to protect parties from annoyance, oppression, or undue burden or expense. FED. R. CIV. P. 26(c); *see*

*Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558–59 (11th Cir. 1985). Before allowing discovery to begin, district courts should attempt to resolve motions to dismiss for failure to state a claim to avoid unnecessary costs to litigants and the Court. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997).

The defendants have each filed a motion to dismiss the plaintiff's complaint for failure to state a claim for relief. (Docs. 79, 81). Resolving these motions before discovery begins will help avoid unnecessary costs and burdens on the litigants and the Court. As a result, good cause exists to stay discovery, and the defendants' motion to stay discovery is granted. For the same reasons, the Court stays all other outstanding deadlines in the Case Management and Scheduling Order, including the deadline to complete mediation. (Doc. 71).

The Court denies Green's motions to strike the motions to dismiss. By way of background, Green filed his second amended complaint on August 27, 2025. (Doc. 65). Defendants moved to dismiss, and certified that they conferred with Green in early September. (Docs. 69, 70). Green subsequently asked for leave to amend his second amended complaint, asserting that the proposed "amendment does not introduce new factual allegations or claims, but expressly incorporates punitive damages as a remedy for [allegations] . . . already pleaded in the Second Amended Complaint." (Doc.72) at 1. The Court granted leave, and Green filed the operative Third Amended Complaint. (Doc.

2

76). Once again, defendants moved to dismiss. (Docs. 79, 81). The motions certified that the parties conferred on dates that correspond to the motions to dismiss the second amended complaint, but not the third. (Doc. 79) at 27; (Doc. 81) at 17.[1]

Green moves to strike the motions to dismiss on the grounds that defendants did not confer with him again prior to moving to dismiss the operative complaint. The Federal Rules of Civil Procedure permit a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Green's motion does not satisfy these criteria. While this Court may dismiss without prejudice a motion for failure to confer under Local Rule 3.01(g), it declines to do so where, as here, re-conferral would likely be of no merit in the light of Green's assurance that changes in the Third Amended Complaint were minimal. Thus, the Court denies the motions to strike.

While Green's motions to strike were pending, Green sought to stay his deadline to respond to the motions to dismiss the operative complaint because, according to Green, failure to file Local Rule 3.01(g) rendered the motions "procedurally defective" and invalid. (Doc. 88) at 1. The Court denied the

---

[1] Galencare Inc.'s motion to dismiss recounts conferral on September 5, 8, and 22, 2025. September 22 was after Galencare filed its motion to dismiss the second amended complaint, but before Green filed the third amended complaint. (Doc. 79) at 27.

request for failure to show good cause, and Green renewed his ask, this time fashioned as a motion for leave to file a response past the deadline. (Doc. 92). A hope that the Court would grant a motion to strike is not "excusable neglect" justifying an untimely response. *See* FED. R. CIV. P. 6(b)(1)(B). Nonetheless, the Court grants in part Green's motion to extend the deadline to respond, but denies the motion to the extent that Green asks to exceed the page limit. His response must also comply with Local Rule 1.08.

Accordingly, the following is **ORDERED**:

1. Defendants' Motion to Stay Discovery (Doc. 82) is **GRANTED.** All deadlines in the Case Management and Scheduling Order (Doc. 71) are **STAYED.**

2. Green's Motion to Appoint a Mediator (Doc. 85) is **DENIED** without prejudice in the light of the above.

3. Green's Motions to Strike (Docs. 84, 89, 90) are **DENIED**.

4. The Court **GRANTS in part** Green's motion for leave to file a response past the deadline (Doc. 92). Green may file a response to the operative motions to dismiss no later than **November 13, 2025**.

5. The Court **DENIES** Green's Motion to Exceed the Page Limit (Doc. 93).

5

**ORDERED** in Tampa, Florida, on November 6, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge